IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GEORGE FONJUNGO,

     *Plaintiff*,

     v.

                              Civil Action No. ELH-16-760

RITE AID CORPORATION

     *Defendant*.

**MEMORANDUM**

George Fonjungo, the self-represented plaintiff, has filed suit against his former employer, Rite Aid Corporation ("Rite Aid"), defendant.  ECF 1.  He alleges violations of the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. §§ 621, *et seq*.; the "Fair Labor Practices Act"; and the "Civil Rights Act."  *Id.* at 4.

Plaintiff worked as a pharmacist at a Rite Aid pharmacy in Edgewood, Maryland, from July 8, 2014 until March 11, 2015.  *Id*. at 3, 5-6.  He was born in 1960, and thus he was over the age of forty at all relevant times.  *Id.* at 5.  Fonjungo claims that Rite Aid terminated him due to his age.  *Id.*  He also states that Rite Aid retaliated against him.  *Id*.

Now before the Court is Rite Aid's motion to dismiss (ECF 6), supported by a memorandum of law (ECF 7) (collectively, the "Motion") and an exhibit.  ECF 7-1.  Rite Aid construed plaintiff's claim under the "Civil Rights Act" as a claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*  And, it has construed plaintiff's "Fair Labor Practices Act" claim as a claim under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.*  ECF 7 at 2.  Rite Aid urges dismissal of Fonjungo's Title VII claim under Fed. R. Civ. P. 12(b)(1) because, according to defendant,

Fonjungo failed to exhaust his administrative remedies.  ECF 7 at 1.  And, Rite Aid seeks

dismissal of Fonjungo's FLSA claim under Fed. R. Civ. P. 12(b)(6), for failure to state a claim.

*Id.*  However, Rite Aid does not seek dismissal of plaintiff's ADEA claim.  Fonjungo filed a

response in opposition to the Motion (ECF 15) ("Opposition"), including exhibits.  ECF 15-1.

Rite Aid replied.  ECF 16.

No hearing is necessary to resolve the Motion.  Local Rule 105.6.

I am mindful that pleadings filed by a self-represented litigant must be liberally

construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nevertheless, it does not appear that

plaintiff ever intended to bring claims under Title VII or the FLSA.  Therefore, I shall deny

defendant's Motion, as moot.  However, if plaintiff meant to file claims under the FLSA and/or

Title VII, he must file an amended complaint within 21 days of the date of the attached Order,

and he must include factual allegations sufficient to state such claims.

## Discussion

### A.  "Civil Rights Act"

Plaintiff filed suit using a form complaint titled "Complaint for Employment

Discrimination."  Section II of the form identifies various types of claims.  Plaintiff checked the

box for an ADEA claim.  And, he checked the box titled "Other federal law (*specify the federal

law*)," and wrote: "Fair Labor Practices Act, Civil Rights Act."  *Id.*  However, he did not check

the box for a claim under "Title VII of the Civil Rights Act of 1964 . . . (race, color, gender,

religion, national origin)."  ECF 1 at 4.

Section III of the form is titled "Statement of Claim."  Paragraph D of Section III states:

"Defendant(s) discriminated against me based on my *(check all that apply and explain)*."  *Id.* at 5

(emphasis in original).  The form includes boxes for various categories.  Notably, plaintiff did

not check the box next to the word "race." *See id.* But, plaintiff checked the box next to the word "age," and also checked the box for "Retaliation." *Id.*

Plaintiff appended to his complaint a lengthy description of the discrimination he allegedly suffered, Fonjungo never articulated race as an issue. *Id.* at 6-8. Additionally, in his Opposition to the Motion, plaintiff did not respond to defendant's contention that he failed to exhaust his administrative remedies with respect to race discrimination. *See* ECF 15. But, plaintiff makes clear that he did not assert a retaliation claim. He said, ECF 15 at 7: "[I]f the defendant had taken the time to read and understand the timeline of events then the defendant would have realized that **it was not filed as a complaint about retaliation but a complaint about undue discrimination because of age**." (Emphasis added). Plaintiff added, *id.* at 10: "It was not my intention to check retaliation as a reason for my complaints."

Based on the foregoing, it does not appear that plaintiff ever intended to file a claim of discrimination based on race under Title VII. And, as noted, plaintiff expressly stated that he did not intend to sue for retaliation under Title VII.[1]

## B.  "Fair Labor Practices Act"

Plaintiff cited the "Fair Labor Practices Act" as a basis for relief. However, in the complaint he sets forth no facts pertaining to a wage claim or a claim that he was undercompensated, as required for an FLSA claim. *See* ECF 1.

In his Opposition, plaintiff states, ECF 15 at 6:

> It is my opinion and that of the Justice system that a violation of Good and
> Fair employment practices in the form of discrimination once established, is an

---

[1] In his Opposition, plaintiff also states, ECF 15 at 10: "But since that door has been opened and established by the defendant it is even now more paramount that the court gives me the right to pursue retaliation as another element of the violation of my labor rights." As I discuss, *infra*, if plaintiff wishes to assert a claim for retaliation, he may amend his Complaint to do so.

abominable violation of the Fair Labor Standards Act. ("FLSA"). If the court does not allow this case to proceed and for a fair minded jury to determine if a case of discrimination can be established, how then can the court determine if the allegations of discrimination meet the standards of the FLSA.

The FLSA is not a vehicle for addressing employment discrimination.  Congress enacted the FLSA "to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'"  *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (quoting 29 U.S.C. § 202(a)) (alterations in *Barrentine*).[2]

Although there are various federal statutes pertaining to employment, the Court is unaware of a federal law called the Fair Labor Practices Act.  And, it appears that plaintiff misapprehends the nature of an FLSA claim.  This is apparent from the absence of any relevant allegations in the complaint as to violations of the FLSA.

## C.  Conclusion

In sum, it appears that plaintiff did not intend to file suit on the basis of Title VII, for either race discrimination or retaliation, or under the FLSA.  Accordingly, I shall DENY defendant's Motion (ECF 6), as moot.  But, if plaintiff did intend to bring suit pursuant to Title VII and/or the FLSA, his complaint is wholly deficient and would be subject to dismissal under Fed. R. Civ. P. 12(b)(6).

Plaintiff may amend his complaint to include such claims, but the amended complaint must contain factual allegations sufficient to support such claims.  If plaintiff seeks to file an amended complaint, he must do so within 21 days of the date of the attached Order.

---

[2] The FLSA provides, *inter alia*, that, for any hours worked in excess of forty hours per week, an employee shall "receive[] compensation for his employment . . . at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207.

This decision has no effect on plaintiff's claim under the ADEA, which remains viable.

Therefore, the court shall issue a Scheduling Order to govern this case.


November 22, 2016                                              /s/
Date                                                Ellen Lipton Hollander
                                                    United States District Judge